

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20489-CR-LENARD
Magistrate Judge Simonton

UNITED STATES OF AMERICA

v.

BARBARA SWEETING

_____/

## GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order entered in this case. This response is numbered to correspond to that order.

A.1  Written statements of the defendant are attached.

A.2 The government is unaware of any statements of the defendant in response to interrogation by a known government agent.

A.3 No defendant testified before the grand jury.

A.4  On August 7, 1967, the Miami Police Department arrested the defendant for failing to make a civil registration. The defendant was sentenced to a $15.00 fine and costs or a 30-day suspended jail sentence. On August 8, 1967, the INS Border Patrol arrested the defendant for deportation proceedings.

A.5  Copies of books, papers, etc. that the government intends to use as evidence during its case in chief, or which were obtained from the defendant, can be inspected by arranging an appointment with the undersigned prosecutor, who may be



reached at (305) 961-9234.  While copies of some materials are attached hereto, they do not represent all materials available for inspection, and counsel should therefore contact the undersigned to schedule a complete inspection.  Documents have been reproduced to the best extent possible, and complete legibility of copies is not guaranteed.

A.6  No contraband was seized in connection with this case. No physical or mental examinations have occurred, and no scientific tests or experiments have been made in connection with this case.

B.    The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady or Agurs other than any information already disclosed herein.

D. & E.   The United States is unaware of any witness within the scope of these paragraphs.

F.    No  line-ups,  show-ups,  or  similar  identification procedures were used during this case.

G.    The  government  has  advised  its  agents  and  officers involved in this case to preserve all rough notes.

H.    The government will advise the defendants prior to trial of its intent, if any, to introduce evidence pursuant to F.R.E. 404(b).  Counsel are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any prior or future discovery response, may be introduced in the trial of this cause pursuant to F.R.E. 404(b) or otherwise.

I.  The defendant is not aggrieved persons as defined in Title 18, United States Code, Section 2510(11), of electronic surveillance.

J.    The government has ordered transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this cause.

2

K.    No contraband was seized in connection with this case.

L.    The United States is not in possession of any vehicles involved in this case.

M.    The government is not currently aware of any latent fingerprints or palm prints which have been identified by a government expert as those of a defendant.

N.    Upon request of any defendant, the United States will make disclosure regarding expert testimony, if applicable.

O.    Counsel may contact the undersigned to confer regarding stipulations.

P.    Upon scheduling and conclusion of the discovery conference referenced in paragraph A.5 above, the undersigned is available to collaborate regarding a statement describing discovery material exchanged.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to ensure a fair trial.

                              Respectfully submitted,

                              MARCOS DANIEL JIMENEZ
                              UNITED STATES ATTORNEY


                         By: _____
                              KAREN E. ROCHLIN
                              ASSISTANT U.S. ATTORNEY
                              99 N.E. 4th Street
                              Miami, Florida   33132
                              (305) 961-9234
                              (305) 536-4675 (fax)
                              Court I.D. No. A5500050

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by mail this _25th_ day of August, 2004 on Celeste Higgins, AFPD, 150 West Flagler Street, Miami, Florida 33130-1556.

KAREN E. ROCHLIN

4