UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-20489-CR-LENARD

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BARBARA H. SWEETING,

Defendant.
_____/



## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE

Ms. Barbara Sweeting, through undersigned counsel, hereby files her Response to the Government's Motion In Limine.

Much of this has been addressed by the defendant's Motions to Dismiss (D.E. 15), the Government's Response (D.E. 16), the Defendant's Reply (D.E. 21) and this Court's subsequent Order Denying Defendant's Motions to Dismiss Indictment (D.E. 22).

In its review of Section 611, this Court ruled concluded:

"When a federal criminal statute omits mens rea without any indication that such omission was intentional, 'Congress will be presumed to have legislated against a background of our traditional legal concepts which render intent a critical factor.'" (D.E. 22, p. 5)

It is the defendant's position that specific intent mens rea is necessary in this case in order to separate wrongful conduct from otherwise innocent conduct. Reading such intent into the statute "'narrows the scope of the enactment by exempting innocent or

inadvertent conduct from its proscription.'" *See National Mobilization Comm. v. Foran*, 411 F.2d 934, 937 (7th Cir. 1969).

In *Liparota v. United States*, 471 U.S. 419 (1985), the Supreme Court held that criminal statutes which lack all mens rea are disfavored in criminal law, and to interpret a statute in a way which dispenses with mens rea would be to criminalize a broad range of innocent conduct. *Id.* at 426. *Liparota* involved a statute criminalizing knowingly using, acquiring, possessing or transferring food stamps in any manner not authorized by the particular statute. There, the government argued that "no mens rea or 'evil-meaning mind' . . . [was] necessary for conviction," meaning as long as the defendant knew that he possessed food stamps, he did not have to know that his possession was "unauthorized" to be guilty under the statute. The defendant argued that this interpretation "dispensed with the only morally blameworthy element in the definition of the crime." *Id.* at 423, citing *Morissette v. United States, 432 U.S. 246 (1952).* The Court discussed how "an injury can amount to a crime only when inflicted by intention,"the Court held that not only the possession but the unauthorized nature of it, had to be knowing. *Liparota*, 471 U.S. at 425 ("Absent indication of contrary purpose in the language or legislative history of the statute, we believe that [the statute] requires a showing that the defendant knew his conduct to be unauthorized by statute or regulations.").

Title 18 U.S.C. § 611 criminalizes voting by an alien, who is by virtue of noncitizenship, unauthorized to vote. One may argue that aliens ought to know that they cannot vote, thus, no mens rea is necessary. *Liparota* criminalizes unlawful possession of food stamps by individuals who were not authorized to possess them. There, one could

argue that everyone ought to know that only certain people qualify for food stamps, thus, no mens rea regarding obtaining the food stamps in an unauthorized manner, should be required.  Notwithstanding what everyone ought to know, the Supreme Court held that because possession of food stamps was an innocent, as opposed to criminal, act, to obtain a conviction under the statute, the government must prove that the defendant knew not only that he possessed the food stamps but that such possession was unauthorized by statute or regulation.  *Liparota*, 471 U.S. at 425.

Even in cases involving child pornography, the Supreme Court rejected the "most grammatical reading of the statute criminalizing "knowingly transporting, shipping, receiving . . . a visual depiction . . . which involves the use of a minor engaging in sexual explicit conduct." *United States v. X-Citement Video*, 513 U.S. 64 (1994), at 71-72.  The Supreme court found that such a reading criminalized the knowing transportation where the defendant was unaware of the age of actor engaging in the sexual explicit conduct.

Citing *Morissette*, *Liparota* and *Staples v. United States*, 511 U.S. 600 (1994), the Court read a knowledge requirement regarding the age of the actor engaging in the sexually explicit conduct into the statute.  *Id.* at 72 ("*Morissette*, reinforced by *Staples*, instructs that the presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct.").  That level of mens rea was required so that "[c]riminal intent serves to separate those who understand the wrongful nature of their acts from those who do not . . . ." *X-Citement Video*, 513 U.S. at 72 n.3.

Conversely, in cases upholding statutes construed as general intent crimes, the

3

conduct is inherently illegal. *See, United States v. Bailey*, 444 U.S. 394 (1980)(escape from federal custody); *United States v. Henry*, 111 F.3d 111, 113(11th Cir. 1997) (illegal re-entry after deportation, where an alien is *specifically instructed NOT to re-enter)*; *United States v. Jackson*, 248 F.3d 1028(10th Cir.2001)(kidnaping);*United States v. Benning*, 248 F.3d 772 (8th Cir. ), *cert. denied*, 534 U.S. 922 (2001) (possession of an firearm by a convicted felon, where a defendant is instructed at the time of his conviction regarding his loss of the right to possess a firearm).

In *Liparota*, 471 U.S. 419, 433 (1985), the Supreme Court defined those rare "public welfare offenses" which lack all mens rea as "a type of conduct that a reasonable person should know is subject to stringent public regulation and may seriously threaten the community's health or safety." *Id*. It discussed the few instances where a complete lack of *mens rea* is permissible: such as the possession of hand grenades, *see United States v. Freed*, 401 U.S. 601 (1971) or the selling of adulterated drugs, *see United States v. Dotterweich*, 320 U.S. 277, 284 (1943), and noted that possession of an unregistered firearm, even though deemed "dangerous" to the public, was not one of these "public welfare offenses." *Liparota*, 471 U.S. at 432-433 (citation omitted).

Similarly, it is no excuse for a lack of mens rea that this crime is a misdemeanor as opposed to a felony as the Supreme Court in *Morissette* included misdemeanors in its classification of crimes serious enough to warrant implying a mens rea when such was absent from the statute. *See* 342 U.S. at 253. "It is alike the general rule of law, and the dictate of natural justice, that to constitute guilt there must be not only a wrongful act, but

4

a criminal intention." *Morissette*, 342 U.S. at 274. Under our system, (unless in exceptional cases), both must be found by the jury to justify a conviction for crime.

WHEREFORE the defendant prays that the Court deny the government's motion in limine and allow Ms. Sweeting to introduce evidence that she lacked the intent to commit a crime.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Celeste S. Higgins
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 909718
150 W. Flagler Street
Miami, Florida 33130
Telephone: (305) 530-7000
Fax: (305) 536-4559
Email: celeste_higgins@fd.org

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed, faxed and hand-delivered on this 30th day of November, 2004, to Assistant United States Attorney Karen Rochlin.

Celeste S. Higgins